IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BRANDY LINDY, et al.**                                                                                **PLAINTIFFS**

               **v.**                Civil No. 05-2171

**JIM RAY, INC.,** an Arkansas corporation,
d/b/a **JIM RAY NISSAN** of Fort Smith,
Arkansas, and these individuals: **BILLY
COOPER, MARK VANDERMOLEN,** and **JIM RAY**              **DEFENDANTS**

**O R D E R**

Now on this 26th day of January, 2006, the captioned matter comes on for consideration. The Court is in receipt of a letter from counsel for the defendants, stating that he believes the matter will require four to six weeks for trial. The logistic problems of scheduling a trial of that length in a courtroom shared with other courts, as is the courtroom in which this case will be tried, have prompted the Court to examine the Third Amended Complaint to determine whether joinder of all 79 plaintiffs in one case is either necessary or appropriate. It appears to the Court that plaintiffs' claims might better be restructured into several separate cases, to avoid confusion, delay, and possibly prejudice.

The gravamen of the allegations of the Third Amended Complaint is that the defendants used a variety of methods to defraud the plaintiffs, who were customers at the defendant automobile dealership. This alleged conduct is said to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as the Arkansas Deceptive Trade Practices Act.

The extent of the variety of alleged conduct is what gives the

Court pause. While the Court agrees that "the presence of a RICO count in a complaint broadens the power of joinder in a civil action," **Kovian v. Fulton County National Bank and Trust Co.**, **1990 WL 36809 (N.D.N.Y. 1990),** joinder is still a function of **F.R.C.P. 20,** and must be analyzed in that light, **Papagiannis v. Pontikis**, **108 F.R.D. 177 (N.D.Ill. 1985).** As pithily put in **Papagiannis**, the characterization of events as arising out of the same series of transactions or occurrences "does not fairly apply to two victims' wholly separate encounters with a confidence man simply because he follows the same routine in cheating each of them."

For this reason, the Court directs the parties to file simultaneous - and very short - briefs setting forth their position on the following issues:

1. Can the claims of all plaintiffs fairly be characterized as arising out of the same series of transactions or occurrences?

2. If so, would judicial efficiency be better served in this matter by grouping plaintiffs with substantially similar claims, and severing this case into separate cases comprised of each such group? If not, why not?

These briefs are due on or before February 14, 2006.

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**